O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS CARTER,<br><br>    Petitioner,<br><br>    v.<br><br>JIM ROBERTSON, Warden,<br><br>    Respondent. | ) Case No. CV 19-7788 JGB(JC)<br>)<br>)<br>) ORDER (1) SUMMARILY<br>) DISMISSING PETITION FOR WRIT<br>) OF HABEAS CORPUS AND<br>) ACTION; AND (2) DENYING A<br>) CERTIFICATE OF<br>) APPEALABILITY<br>)<br>) |

### I. SUMMARY

On September 9, 2019, petitioner Chris Carter, a California state prisoner proceeding *pro se*, filed a Petition For Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner appears to challenge his prison security classification and/or access to youth offender programs within prison (Ground 1), and alleges that the California Department of Corrections and Rehabilitation ("CDCR") has erred in setting a pre-parole hearing review under California Penal Code section 3041(a)(1) after the time it should be held (Ground 2).

As it plainly appears from the face of the Petition that petitioner is not entitled to federal habeas relief as requested, the Petition and this action are dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 4").

## II. PROCEDURAL HISTORY

Petitioner appears to be in custody on two separate state convictions: a 2012 conviction from Los Angeles County Superior Court Case No. BA403730-03 for second degree robbery with gang enhancements, and a 2013 conviction from San Bernardino County Superior Court Case No. FV1201622 for second degree robbery and conspiracy with gang enhancements, for which he is serving a term of 17 years and four months in state prison. (Petition at 2). Petitioner reports that he did not appeal these convictions and has filed no other court challenges to his convictions. (Petition at 5-6).

## III. DISCUSSION

A district court may dismiss a habeas petition summarily "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998). Here, dismissal of the Petition and this action pursuant to Habeas Rule 4 is appropriate.

First, in Ground 1, petitioner's challenge to his security classification and/or access to programs within prison is effectively a challenge to his conditions of confinement. Habeas corpus proceedings are the proper mechanism for challenging the legality or duration of confinement, while a civil rights action is the proper method to challenge conditions of confinement. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (discussing same).[1]

---

[1] Although a district court, after notifying and obtaining informed consent from a prisoner, may construe a habeas petition to plead a civil rights claim if the petition is amenable to conversion on its face, see Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017), the Court declines to do so here. Prisoner civil rights actions are subject to different requirements than federal habeas proceedings. The filing fee for civil rights actions is at least $350 rather than the $5 habeas filing fee. 28 U.S.C. § 1914(a). Further, should petitioner seek to bring a civil rights action in forma pauperis ("IFP") he must file the appropriate documentation to qualify for IFP status and would be financially responsible for paying a $350 filing fee from his prison trust account. 28 U.S.C. § 1915(b)(1). It is not in the

(continued...)

Second, in Ground 2, petitioner's challenge to the CDCR's setting of a pre-parole hearing review with the Board of Parole Hearings at best alleges that the CDCR has violated state law. Such a claim is not cognizable under Section 2254. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir. 1995) (violation of "state law right does not warrant habeas corpus relief"), cert. denied, 516 U.S. 1051 (1996); 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

## IV. CONCLUSION AND ORDERS

In light of the foregoing, summary dismissal of the Petition pursuant to Habeas Rule 4 is appropriate, because it "plainly appears" that none of petitioner's claims warrant relief, nor could they do so with amendment.

IT IS THEREFORE ORDERED: (1) the Petition and this action are dismissed; and (2) the Clerk shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has failed to make a substantial showing of a denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determinations herein.

DATED: October 30, 2019

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

---

[1](...continued) interest of judicial economy to convert the Petition into a federal civil rights complaint because the case would, at a minimum, require additional court resources to deal with the problems created by the different filing fees, the absence of information called for by the civil rights complaint form utilized in this district (e.g., whether those sued are sued in an individual or official capacity), and the potential service issues relative to individuals whose conduct is alleged to have deprived petitioner of his constitutional rights.